# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:07-CR-0191** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **HECTOR RADAMES** | : | |
| **ROCHE-MORENO** | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 75) filed *pro se* by petitioner Hector Radames Roche-Moreno ("Roche-Moreno") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Roche-Moreno claims his conviction was improper because he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution. Specifically, he contends that trial counsel failed to move for suppression of evidence collected in the course of a search of his storage unit on the ground that he did not personally consent to the search. (See id. at 3.) In addition, Roche-Moreno argues that the court lacked subject matter jurisdiction to sentence him as a career offender. (See id. at 4-6.) For the reasons that follow, Roche-Moreno's motion (Doc. 75) will be denied.

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

I. **Statement of Facts & Procedural History**

Between the fall of 2003 and the fall of 2006, police officers arrested numerous individuals who had purchased multi-ounce quantities of cocaine hydrochloride and crack cocaine from Roche-Moreno in Lancaster, Harrisburg, and York, Pennsylvania (Doc. 83 at 4-5.)[2] Pursuant to these arrests, law enforcement agents obtained a court-authorized wiretap on a cell phone of one of Roche-Moreno's customers. (Id. at 5.) On October 8 and November 8, 2006, law enforcement agents monitored and recorded telephone calls in which the customer ordered from Roche-Moreno both crack cocaine and cocaine hydrochloride. (Id.) Subsequent to the phone calls, surveillance officers observed Roche-Moreno travel to the customer's residence to complete the transactions. (Id.)

On May 2, 2007, officers executed a delayed-notification search warrant at a storage unit controlled by Roche-Moreno. (Id.) Officers discovered cash, documents indicating that Roche-Moreno used numerous identities, drug paraphernalia, an owner's manual for a Glock handgun, and a large digital scale. (Id.) Authorities arrested Roche-Moreno on May 14, 2007, and subsequently located a loaded Glock handgun at his residence. (Id. at 5-6.) Authorities also seized evidence indicating Roche-Moreno purchased, and caused other individuals to "straw purchase," numerous automobiles with large sums of cash. (Id. at 6.)

---

[2] The court's recitation of the facts is taken principally from the presentence report.

Authorities discovered that Roche-Moreno illegally re-entered the United States following deportation stemming from an earlier conviction for an aggravated felony in the Dauphin County Court of Common Pleas. (Id.) Roche-Moreno illegally re-entered the United States on or after November 10, 1993.

On November 29, 2007, Roche-Moreno pled guilty to a four-count superseding felony information charging him with: (1) illegal re-entry into the United States, in violation of 8 U.S.C. §§ 1326(a); (2) distribution and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1); (3) conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h); and (4) criminal forfeiture, in violation of 21 U.S.C. § 853(p). (Docs. 31, 34, 35.)

Prior to sentencing, the U.S. Probation Office prepared a Presentence Report ("PSR"), which set forth Roche-Moreno's criminal history. The report enumerated four prior convictions for controlled substance offenses. On April 16, 1991, Roche-Moreno pled guilty in state court to three felony charges and was sentenced to concurrent terms of 3 to 6 years in prison. On September 27, 1991, Roche-Moreno pled guilty to a fourth felony charge and was sentenced to 1 to 3 years in prison, with his sentence to run concurrently with the sentences he received in April of that year. During the September 1991 sentencing hearing, the state prosecutor indicated that Roche-Moreno's fourth felony drug conviction ordinarily would have been presented for sentencing on April 16, 1991 with his other three convictions, but due to a bureaucratic error it had not.

3

Based on these prior drug convictions, the PSR noted that, for purposes of sentencing, Roche-Moreno qualified as a career offender.[3] The PSR listed the Roche-Moreno's offense level as 34 and, with the career offender criminal history classification, determined Roche-Moreno's applicable Guidelines range to be 262 to 327 months in prison.

At the sentencing hearing, Roche-Moreno challenged his designation as a career offender. (Doc. 63 at 4.) He argued that, but for the bureaucratic "glitch" by the prosecution before the state court, he would have been sentenced on all four of his prior drug offenses on the same day and would not have qualified as a career offender under the Federal Sentencing Guidelines. (Id. at 4-6.) This court overruled Roche-Moreno's objection to the career offender designation, but granted him a three-level departure for acceptance of responsibility and an additional three-level departure for substantial assistance to the government. (Id. at 9, 11, 19.) These departures lowered Roche-Moreno's offense level from 34 to 28 and decreased his Guidelines range to 140 to 175 months. (Id. at 19-20.) The court imposed an aggregate sentence of 140 months for each of his three offenses—cocaine possession and distribution, money laundering, and illegal re-entry—with the terms to run

---

[3] Roche-Moreno's fourth offense was counted as a separate sentence because it was imposed approximately six months after sentencing on the other three drug offenses. Thus, pursuant to § 4A1.2(a)(2) of the U.S. Sentencing Guidelines, Roche-Moreno was determined to be a career offender.

concurrently, a special assessment of $300, and a two-year term of supervised release.[4]  (Doc. 59.)

Roche-Moreno appealed his sentence to the Third Circuit Court of Appeals, see United States v. Roche-Moreno, 331 Fed. App'x 110 (3d Cir. 2009), arguing that this court committed a procedural error in designating him as a career offender.  Id. The Third Circuit held that the Federal Sentencing Guidelines provide a "straightforward, easily applicable rule for counting prior convictions."  Id. at 112. The court concluded that this court correctly applied the Federal Sentencing Guidelines in counting Roche-Moreno's prior convictions and affirmed Roche-Moreno's conviction and sentence on June 3, 2009.  Id. at 112-13.

On May 10, 2010, Roche-Moreno filed a timely motion (Doc. 75) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government submitted an opposing brief (Doc. 83) on July 2, 2010.  The motion has been fully briefed and is now ripe for consideration.

---

[4] Pursuant to the criminal forfeiture offense (count four of the indictment), the court ordered Roche-Moreno to forfeit his interest in a luxury vehicle to the government.  (See Docs. 31, 59.)

## II. **Discussion**

Roche-Moreno alleges he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.[5] Specifically, he claims that counsel was ineffective for failing to move to suppress evidence from an allegedly invalid consent search. Additionally, Roche-Moreno asserts that this court lacked subject matter jurisdiction to sentence him as a career offender due to the bureaucratic error that caused a delay in sentencing on one of his four drug convictions. This court will address the arguments *in seriatum*.

### A. **Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a motion, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient representation was prejudicial. See id. at 687-88. In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward trial counsel's conduct. See id. at 689. Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim. See United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, defendant must show that, but for counsel's errors, the outcome of the

---

[5] The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. AMEND. VI.

6

proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not carry out its analysis of the two prongs in any particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing in one. Id. at 697.

Roche-Moreno asserts that counsel was ineffective in declining to move to suppress the evidence obtained in the May 2, 2007 search of his storage unit. (Doc. 75, at 3.) He argues that he did not personally consent to this search, but that the owner of the storage unit consented without his permission, and thus the search was in violation of Georgia v. Randolph, 547 U.S. 103 (2006).[6] (Id.) The issue of consent, however, has no relevance to the question of ineffective assistance of counsel because the search of Roche-Moreno's storage facility was conducted on the authority of a delayed-notification search warrant. Simply stated, Roche-Moreno's consent or lack thereof was irrelevant to the legality of the search, and thus it could not form the basis of a valid motion to suppress. Furthermore, Roche-Moreno does not contest the validity of the warrant. (Doc. 83 at 10.) As there was no basis to support a motion to suppress, the failure to file such motion was not objectively unreasonable. Roche-Moreno's allegation of ineffective assistance of counsel is without merit.

---

[6] In Georgia v. Randolph the Supreme Court held that, absent a warrant, police may not search a residence when one occupant consents to a search but another occupant objects. 547 U.S. at 106 (2006).

In the interest of thoroughness, however, the court will briefly address the second prong of the Strickland analysis. Roche-Moreno asserts that, but for the seizure of evidence resulting from the search of his storage facility, the court would have granted an additional downward departure for his assistance to the government and, thus, the failure of counsel to file a motion to suppress was prejudicial to him. (Doc. 75, at 4.) The argument is unavailing. First, Roche-Moreno assumes that a motion to suppress would have been successful. As discussed above, the search was conducted pursuant to a validly executed warrant. The search was lawful. Second, assuming *arguendo* that evidence of the search was suppressed, it is well established in the Third Circuit that evidence suppressed in violation of the defendant's Fourth Amendment rights may be considered during the sentencing phase. United States v. Torres, 926 F.2d 321, 325 (3d Cir. 1991). Furthermore, sentencing and the granting of downward departures are done at the discretion of the court. Finally, Roche-Moreno does not contend that he would not have pled guilty had the evidence been suppressed. Thus, Roche-Moreno cannot satisfy the second prong of Strickland that the outcome of his conviction would have been different but for counsel's decision to forgo a motion to suppress. Roche-Moreno's claim of ineffective assistance of counsel is therefore rejected.

**B.    Subject Matter Jurisdiction**

Roche-Moreno next asserts that the court lacked subject matter jurisdiction to designate and sentence him as a career offender due to a "bureaucratic error" in state court. (Doc. 75, at 4-6.) The government asserts that under the law of the case

doctrine, a court generally cannot revisit questions it has decided in a prior stage of the same case. See In re City of Phila. Litig., 158 F.3d 711, 717 (3d Cir. 1998). The government contends that Roche-Moreno previously litigated his career offender status on direct appeal and, therefore, he may not raise it again by way of a § 2255 petition. (Doc. 83, at 13-15).

There is disagreement among circuits on whether the law of the case doctrine should apply to habeas petitions.[7] While the Third Circuit has not formally addressed the issue, it has applied the law of the case doctrine to habeas petitions in a non-precedential opinion. See United States v. Daniels, 209 Fed. App'x 191, 194-96 (3d Cir. 2006). The court stated that application of the law of the case should be guided by two considerations: 1) whether the prior determination was dicta or the issue in question was not actually decided; and, if it was not dicta, 2) whether the appeal presents an "extraordinary circumstance"[8] that would warrant reconsideration of the previously-decided issue. Id. at 194 (quoting In re City of Phila., 158 F.3d at 718). Assuming the Third Circuit applied the law of the case to a

---

[7] The First and Sixth Circuits believe law of the case is inapplicable to habeas petitions, while the Seventh and Eleventh Circuits apply the doctrine to habeas petitions. See, e.g., Rosales-Garcia v. Holland, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc), cert. denied, 539 U.S. 941; Booker v. United States, No. 09-779, 2010 U.S. Dist. LEXIS 75202, at *15-16 n.2 (D.N.J. July 26, 2010).

[8] "Extraordinary circumstances" include any of the following: 1) the availability of new evidence; 2) the announcement of a supervening new law; or 3) determination that the earlier decision was clearly erroneous and would create "manifest injustice." Daniels, 209 Fed. App'x at 194 (quoting Pub. Interest Research Group of N.J. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)).

habeas petition, the court finds that the determination of Roche-Moreno's status as a career offender was conclusively decided on appeal. The court finds no extraordinary circumstance to warrant reconsideration of the issue by way of Roche-Moreno's habeas petition.

Furthermore, a § 2255 petition is "not a substitute for an appeal," United States v. Frady, 456 U.S. 152, 165 (1982), nor may it be used to relitigate matters decided adversely on appeal. Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985). The Third Circuit's decision affirming this court's judgment of the sentence conclusively resolved the question of whether Roche-Moreno qualified as a career offender. See United States v. Roche-Moreno, 331 Fed. App'x 110 (3d Cir. 2009). Roche-Moreno's attempt to dress his argument as a subject matter jurisdiction challenge is unavailing. His argument does not invoke a question of this court's subject-matter jurisdiction; it is nothing more than a reiteration of his argument on appeal. Therefore, the court declines the request to revisit the conclusive decision of the Third Circuit on Roche-Moreno's career offender status.

### III. Conclusion

For the foregoing reasons, Roche-Moreno's motion (Doc. 75) to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order follows.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: February 7, 2011

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:07-CR-0191** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **HECTOR RADAMES** | : | |
| **ROCHE-MORENO** | : | |

## ORDER

AND NOW, this 7th day of February, 2011, upon consideration of the motion (Doc. 75) filed by Hector Radames Roche-Moreno to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 75) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge